# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

OTIS BLAXTON,

    Plaintiff,

v.                                               Case No: 8:21-cv-2550-CEH-MRM

STATE OF FLORIDA,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff Otis Blaxton's Motion for Judgment (Doc. 12), filed on June 15, 2022. In the motion, Plaintiff requests judgment in his favor because Defendant State of Florida has not responded to Plaintiff's Civil Rights Complaint. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Judgment.

## DISCUSSION

Plaintiff, Otis Blaxton, initiated this action, proceeding *pro se,* against the State of Florida on November 1, 2021, claiming the State of Florida violated his rights under the 4th, 5th, 6th, 8th, 13th, and 14th Amendments to the United States Constitution by falsely imprisoning and maliciously prosecuting him. Doc. 1. On February 3, 2022, the Court directed the Plaintiff to show cause as to why the Complaint against the Defendant State of Florida should not be dismissed due to Plaintiff's failure to timely and properly serve the Defendant under Federal Rule of Civil Procedure 4. Doc. 5. In

response, Plaintiff filed a motion on February 14, 2022, requesting additional time to serve Defendant. Doc. 6. The Court granted Plaintiff's motion by extending the time until April 11, 2022, for Plaintiff to serve Defendant and until April 25, 2022, for Plaintiff to file proof of service of the summons and complaint on the Defendant. Doc. 7. On March 10, 2022, Plaintiff filed a document titled "Proof of Service" in which Tamika Blaxton states she served Julie Wodka of the State Attorney's Office on March 4, 2022, and also by U.S. mail. Doc. 9. On the same date, Plaintiff filed unexecuted "Proofs of Service" for the Florida Department of Finance and the Attorney General in which documents were purportedly sent by U.S. mail. Docs. 10, 11.

Although *pro se* pleadings are to be construed liberally, *pro se* litigants must still comply with applicable procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The documents filed by Plaintiff do not satisfy the requirements for service of process on the State of Florida under either the Federal Rules or the applicable Florida statutes. To effect service on a state, a municipal corporation, or any other state-created governmental organization, a plaintiff must either "deliver[ ] a copy of the summons and of the complaint to its chief executive officer" or "serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."[1] Fed. R. Civ. P. 4(j)(2). Because there is no evidence

---

[1] Florida law provides as follows regarding service on the state: "When the state has consented to be sued, process against the state shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought and by sending two copies of the process by registered or certified mail to the Attorney General." Fla. Stat. § 48.121.

2

of proper service, Plaintiff is not entitled to any relief for the Defendant's failure to respond to the Complaint, and his Motion for Judgment is due to be denied.[2]

Also troubling is the inappropriateness of Plaintiff's claims against the State of Florida in this Court. "It is well established that the [E]leventh [A]mendment immunizes an unconsenting state from suits brought in federal court by its citizens and citizens of other states." *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Furthermore, "[i]t is clear that Congress did not intend to abrogate a state's [E]leventh [A]mendment immunity in section 1983 damage suits." *Id.* at 400. Thus, in the event Plaintiff chooses to pursue his claims against the State of Florida in this Court, he should be cognizant of the applicability of Eleventh Amendment Immunity to claims brought against a state in federal court.  Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Judgment (Doc. 12) is **DENIED**.

2. Plaintiff is directed to properly serve Defendant in accordance with the Federal Rules and file proof of service on or before **August 12, 2022**. Failure to perfect service on Defendant within the time provided will result in dismissal of this action without prejudice and without further notice.

---

[2] Even if service was proper, however, Plaintiff's motion would still fail. The appropriate procedure when a defendant fails to answer a complaint is to first move for a Clerk's default under Fed. R. Civ. P. 55(a), before moving for default judgment. *See* 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").

**DONE AND ORDERED** in Tampa, Florida on July 11, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Otis Blaxton, *pro se*
Counsel of Record