# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

OTIS BLAXTON,

    Plaintiff,

v.                                                 Case No: 8:21-cv-2550-CEH-MRM

STATE OF FLORIDA,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant State of Florida's Amended Motion to Dismiss Plaintiff's Complaint (Doc. 21). In the motion, Defendant requests the Court dismiss this action with prejudice because the State of Florida is immune from suit and Plaintiff's claims are time-barred. Plaintiff filed a response in opposition. Doc. 23. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Amended Motion to Dismiss Complaint because the State of Florida enjoys Eleventh Amendment immunity in this § 1983 action and thus the Court lacks jurisdiction over Plaintiff's claims.

## DISCUSSION

Plaintiff, Otis Blaxton, proceeding *pro se*, initiated this action by filing a Complaint for Violation of Civil Rights against the State of Florida. Doc. 1. Pending before the Court is Defendant's Amended Motion to Dismiss Plaintiff's Complaint (Doc. 21) and Plaintiff's response in opposition (Doc. 23). For purposes of the motion,

the allegations of the Complaint are accepted as true. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

In his Civil Rights Complaint brought under 42 U.S.C. § 1983, Plaintiff alleges his Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments have been violated by the State of Florida. Doc. 1 at 3. Plaintiff asserts that the State of Florida acted under color of state law based on its conduct of "malicious prosecution, false imprisonment, and injustice." *Id.* at 4.

On December 9, 2004, Plaintiff was sentenced in state criminal court to thirty years in prison. *Id.* He alleges he was falsely imprisoned for a violation of probation that was in excess of permissible state laws. *Id.* He was sentenced to thirty years for attempting to escape. *Id.* In 2016, an appeals court overturned his sentence, and he was released on a writ of habeas corpus. *Id.* at 4–5. He is barred from seeking relief in state court case 04-CF-2760. *Id.* at 5. Plaintiff was incarcerated for approximately 12 years. *Id.* He claims he was subjected to involuntary servitude, false imprisonment, and police brutality in violation of his Thirteenth, Fourteenth and Eighth Amendment rights. *Id.* at 5–6. Plaintiff suffered broken front teeth as a result of police brutality. *Id.* at 7. He seeks one billion dollars, a correction of his criminal records, and discharge of the government officials who handled his cases. *Id.*

The State of Florida moves to dismiss Plaintiff's Civil Rights Complaint because the State is immune from suit. Additionally, the State argues Plaintiff's claims are time-

barred.[1] Plaintiff files a response in opposition arguing that his complaint is timely and that the State of Florida has waived its entitlement to immunity. Doc. 23. Plaintiff complains that the State of Florida failed to offer Plaintiff compensation for his wrongful incarceration under Fla. Stat. § 961.06, and that the Florida lottery has awarded billions to citizens of the State but nothing to Plaintiff.

The Eleventh Amendment[2] provides that the "Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States" by citizens of another State, U.S. CONST., amend. XI, and (as interpreted) by its own citizens. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618 (2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (citation omitted).

While a State remains free to waive its Eleventh Amendment immunity from suit in federal court, *Lapides*, 535 U.S. at 618, there is no evidence of waiver here. Although Plaintiff states in his opposition that the State has waived its immunity, the Plaintiff fails to identify any statute, caselaw, or evidence demonstrating waiver. The United States Supreme Court has held that a section 1983 action does not constitute a

---

[1] Because the State has Eleventh Amendment immunity, the Court need not reach the issue as to whether Plaintiff's claims are barred by the applicable statute of limitations.
[2] "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state." U.S. Const. amend. XI.

Congressional abrogation of a State's Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332 (1979). Waiver of a State's eleventh amendment immunity can be found only when evidenced "by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

Examining Florida law, the Court finds no express waiver of a § 1983 action against the State. By declaring that "[t]he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances," Fla. Stat. § 768.28(5), the Florida legislature "gave a strong indication that it did not intend to waive its immunity to civil rights actions." *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986) (noting that the Florida statute consistently refers to "tort action," persons "liable in tort," and the like without any mention that such terms include federal civil rights actions). Thus, the waiver for tort actions under Fla. Stat. § 768.28(5), does not constitute consent to suit in federal court under § 1983. And, without the State's consent, the Plaintiff may not sue the State of Florida in federal court.

Moreover, Plaintiff's Complaint seeks one billion dollars. The Supreme Court has held that a State is not a "person" against whom a § 1983 claim for money damages might be asserted. *Lapides*, 535 U.S. at 617 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989)). Plaintiff's arguments that the Florida lottery has dispensed billions to Florida citizens or that he is entitled to relief under Fla. Stat. § 961.06 are

4

without merit on the instant motion and do not otherwise circumvent the State's immunity arguments. Further, any claim of prospective injunctive relief would similarly be barred. *See, e.g., Page v. Hicks*, 773 F. App'x 514, 518 (11th Cir. 2019) (holding that because the defendant was an "arm of the state" itself—and not an individual officer—plaintiff's request for injunctive relief against the defendant Board failed). Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Defendant's Amended Motion to Dismiss Complaint (Doc. 21) is **GRANTED**.

2. This action is **DISMISSED** for lack of jurisdiction because the State of Florida is immune from Plaintiff's § 1983 claims in federal court.

3. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on November 14, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Otis Blaxton, *pro se*
Counsel of Record