# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

OTIS BLAXTON,

    Plaintiff,

v.                                             Case No: 8:21-cv-2550-CEH-MRM

STATE OF FLORIDA,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for New Trial (Doc. 25), which the Court construes as a motion for reconsideration of its Order of dismissal (Doc. 24). In the motion, Plaintiff requests a new trial or amended judgment pursuant to Fed. R. Civ. P. 59. Defendant, the State of Florida, filed a response in opposition. Doc. 26. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion.

## DISCUSSION

Plaintiff, Otis Blaxton, proceeding *pro se*, initiated this action by filing a Complaint for Violation of Civil Rights against the State of Florida. Doc. 1. In his Civil Rights Complaint brought under 42 U.S.C. § 1983, Plaintiff alleged his Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments have been violated by the State of Florida. Doc. 1 at 3. Plaintiff asserts that the State of Florida acted under color of state law based on its conduct of "malicious prosecution, false imprisonment,

and injustice." *Id.* at 4. On August 22, 2022, the State of Florida moved to dismiss Plaintiff's Civil Rights Complaint because the State is immune from suit. Doc. 19. Additionally, the State argued Plaintiff's claims are time-barred. *Id.*

On November 14, 2022, the Court entered an order granting the motion to dismiss and dismissing the action for lack of jurisdiction because the State of Florida is immune from Plaintiff's § 1983 claims in federal court. Doc. 24. Now before the Court is Plaintiff's Motion for New Trial (Doc. 25), which the Court construes as a motion for reconsideration of the order of dismissal.

Fed. R. Civ. P. 59 proscribes the procedure and remedy for a party seeking a new trial or to alter or amend a judgment. Here, no trial took place, and no judgment was entered. Rather, the action was dismissed for lack of jurisdiction.

Under Rule 60, a party may seek relief from a judgment or order. Motions for reconsideration under Fed. R. Civ. P. Rule 60(b) are appropriate only where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b). *See also Am. Bankers Ins. Co. of Fla. v. Northwest Nat. Ins. Co.*, 198 F.3d 1332, 1338 n.4 (11th Cir. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)).

As argued by the State of Florida, the Court will not reconsider its decision when a motion does not raise new issues, but only relitigates prior arguments. Doc. 26 (citing *Gov't. Personnel Serv. Inc. v. Gov't Personnel; Mutual Life Ins. Co.*, 758 F. Supp. 792 (M.D. Fla. 1991)). A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur*, 500 F.3d at 1343–44; *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge." *O'Neal*, 958 F.2d at 1047.

Plaintiff seeks reconsideration of the order of dismissal of his claims, arguing that he is entitled to his day in court. He asserts that his lawsuit was timely and claims that the Court ignored all of his allegations as to violations of his constitutional rights. He again argues that the State of Florida does not have immunity for civil rights actions. Plaintiff does not argue or establish mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. He simply reargues matters previously argued and rejected. Plaintiff's failure to offer new facts or law of a strongly convincing nature demonstrates reconsideration is not warranted.

Citing to Fla. Stat. § 768.28, Plaintiff additionally argues that the State waives immunity, and therefore is liable, for tort claims in the same manner and to the same extent as private individuals. However, Plaintiff's asserted claims are constitutional violations under § 1983. Specifically, Plaintiff alleged violations of his Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments (Doc. 1 at 3), not tort claims. And, as this Court previously stated, there has been no express waiver by the State of Florida as to a plaintiff's § 1983 claims against it. Doc. 24 at 4. The State of Florida is immune from Plaintiff's § 1983 claims in federal court, and Plaintiff does not offer evidence or reliable argument to the contrary. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for New Trial (Doc. 25) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on May 7, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties